**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEITH ROSS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9098** |
| **ORVILLE CALLAHAN, ET AL.** | **SECTION "B"(3)** |

## ORDER AND REASONS

Defendants Orville Callahan and Houma City Marshal's Office ("HCMO") filed a motion to dismiss HCMO as a defendant pursuant to FRCP 17(b) for lack of capacity to be sued, and to dismiss all claims for failure to state a claim pursuant to FRCP 12(b)(6). Rec. Doc. 13. Plaintiffs filed a response in opposition. Rec. Doc. 18. For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' pending motion to sever (Rec. Doc. 12) is **DISMISSED as moot**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of two separate incidents plaintiffs allege occurred in Houma City court. Plaintiffs assert that Ross was present in Houma City court for an unrelated matter on or about October 2, 2017 when Deputy Marshall A ("DMA") and defendant Callahan, who believed Ross was conversing with another inmate in court after being told not to do so by DMA, threw him on the ground, beat him, cuffed him, and arrested him for resisting an officer, disturbing the peace, and simple assault, all without

1

probable cause and for the sole purpose of covering up the assault that had just taken place. Rec. Doc. 1 at 6. After transporting Ross to the Terrebonne Parish Criminal Justice Complex, plaintiffs claim that defendants denied Ross medical attention and misrepresented the circumstances of his arrest to other officers. Id. at 6-7. Plaintiffs also allege that Calloway was present in Houma City Court with her minor son on or about June 19, 2018, where she was threatened, intimidated, and harassed by Deputy Marshall C ("DMB") and Deputy Marshall B ("DMB") who yelled at her to leave the courthouse and then attacked her by smashing her face into the wall, thereafter handcuffing her and charging her with disturbing the peace without probable cause and for the purpose of punishing her for reacting to their treatment of her. Id. at 8, 12. Plaintiffs filed suit against defendants City Marshall Orville Callahan, in his individual capacity and official capacity, Houma City Marshal's Office ("HCMO") under a theory of vicarious liability, and DMA, DMB, and DMC. Plaintiffs bring § 1983 claims against defendants for excessive force and false arrest and imprisonment. Id. at 10-13. Plaintiffs also bring claims under the Americans with Disability Act ("ADA") against defendants for discrimination on the basis of a disability and for failing to provide reasonable accommodation. Id. at 14-16. Plaintiffs allege that the mistreatment of persons with mental or emotional disability is a longstanding practice or custom which constitutes

the standard operating procedure of the City Marshal and the City Marshal's office, as reflected in the operation of the Houma City Court. Id. at 5. Additionally, plaintiffs bring state law claims against defendants for assault and battery, negligence, willful and wanton conduct, and intentional infliction of emotional distress. Id. at 13-14, 16-21. Plaintiffs seek compensatory and punitive damages, as well as attorney's fees and costs, and any other relief the court deems proper. Id. at 21-22.

## **LAW AND ANALYSIS**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

3

to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). When deciding whether a plaintiff has met her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1. <u>ADA Claim</u>

Plaintiffs allege in their complaint that they were disabled, as defined by the ADA, and therefore "entitled to reasonable accommodation as a result of their disability and to be free from discrimination on the basis of their disability." Rec. Doc. 1 at 15. The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Fifth Circuit has held that "[a] plaintiff states a claim for relief under Title II if he alleges: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such

4

discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

First the Court considers whether plaintiffs have alleged that they had qualifying disabilities. A disability is defined by the ADA as: "(A) a physical or mental impairment that substantially limits one or more major life activities . . .; (B) a record of such impairment; or (C) being regarded as having such an impairment...." 42 U.S.C. § 12102(1). Plaintiffs argue that a "complaint need not allege specific facts establishing a prima facie case of discrimination" but rather needs only a short and plain statement of a claim to put defendants on notice. Rec. Doc. 18 at 3-4. In support of this argument, plaintiffs cite to cases that predate the pleading standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). (Rec. Doc. 18 at 4 citing to *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111 (D.C. Cir. 2000)).

Under the current state of the law, described above, plaintiffs must allege sufficient facts to establish a plausible claim for relief and may not rely on conclusory statements and legal conclusions. *See Twombly*, 550 U.S. at 544 (2007), *Iqbal,* 556 U.S. at 678 (2009). In their complaint, plaintiffs merely state they have a 'mental disability' but provide no further facts or details regarding their disabilities. Plaintiffs do not allege

5

facts that show they meet the ADA's definition of "disability" – that is, that they have a mental impairment that substantially limits a major life activity, or a record of such impairment, or that they were regarded has having such an impairment. 42 U.S.C. § 12102(1). Because legal conclusions are not sufficient to survive a motion to dismiss, plaintiffs may not simply rely on the statement in their complaint that they are disabled "as that term is defined by . . . the Americans with Disabilities Act." Rec. Doc. 1 at 4.

The ADA Amendments Act sought to "make it easier for people with disabilities to obtain protection under the ADA" by broadening the "substantially limits" standard, however plaintiffs do not identify a single fact that shows their alleged mental impairment substantially limited a major life activity and therefore have not met even this relaxed standard. *See* 29 C.F.R. § 1630.1(c)(4); 42 U.S.C. § 12101 note (ADA Amendments Act of 2008) (expressly disapproving of prior Supreme Court decisions and EEOC interpretations of the "substantially limits" standard); *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 245 (5th Cir.2013) (stating that the ADAAA was passed to correct the perceived misconception that the "substantially limits" standard is a demanding inquiry).

Plaintiffs have not alleged any qualifying disabilities as required to state an ADA claim. Additionally, because plaintiffs have not alleged having particular disabilities, they also have

6

not alleged that their discrimination was because of their disabilities, the third element in stating an ADA claim listed above. Accordingly, plaintiffs have failed to state a claim for discrimination under the ADA.

Plaintiffs also claim that defendants were obligated to provide plaintiffs with reasonable accommodations and failed to do so. Rec. Doc. 1 at 15. The Fifth Circuit "recognize[s] that a public entity's failure reasonably to accommodate the known limitations of persons with disabilities can also constitute disability discrimination under Title II [of the ADA]." *Windham v. Harris Cty., Texas*, 875 F.3d 229, 235 (5th Cir. 2017). "A critical component of a Title II claim for failure to accommodate, however, is proof that the disability and its consequential limitations were known by the entity providing public services." *Id.* at 236 (5th Cir. 2017). Thus, because "[t]he ADA does not require clairvoyance, the burden falls on the plaintiff to specifically identify the disability and resulting limitations and to request an accommodation in direct and specific terms." *Id.* at 236–37 (5th Cir. 2017) (internal citations omitted). As discussed above, plaintiffs have not alleged that they had a disability as defined by the ADA, much less that they informed defendants of their disability and requested an accommodation. Therefore, plaintiffs have failed to state a claim for discrimination under the ADA on a failure-to-accommodate theory as well.

7

2. § 1983 Claims

Defendants argue that plaintiffs' § 1983 claims are barred under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (2000) because they have entered into guilty and no-contest pleas to the charges described in their complaint on which they seek to bring their claims now. Plaintiff Ross has entered into a guilty plea on the charges of Disturbing the Peace by Offensive/Derisive Language, Resisting an Officer by Violence, and Simple Assault of Deputy Marshall Rodney Deroche. Rec. Doc. 13-1 at 10. Plaintiff Calloway has entered a no-contest plea as to Disturbing the Peace by Loud and Abusive Language. Id. Plaintiffs do not dispute that they entered into the pleas described by defendants, but rather argue that a Court is limited to considering facts alleged in the complaint at the motion to dismiss stage. Rec. Doc. 18 at 6. Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice. See Fed. R. Evid. 201(f); *Warden v. Barnett*, 252 F.3d 1356 at n.1 (5th Cir. 2001) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)). Taking judicial notice of publicly filed court documents does not convert a motion to dismiss to one for summary judgment. *See Warden v. Barnett*, 252 F.3d at *1, n.1 (citing

8

*Lovelace*, 78 F.3d at 1017-18); see also *Jacobs v. Bayha*, 616 Fed. Appx. 507, 510 at n.3 (3d Cir. 2015) (on motion to dismiss, court took judicial notice of criminal trial transcripts and dismissed, pursuant to Heck, excessive force claims brought by a plaintiff convicted of assaulting two deputy marshals); *Garrett v. Crawford*, 2015 WL 13731371, *7 at n. 48 (W.D. Tex. 2015) (report and recommendation), adopted in pertinent part, 2016 WL 843391 (W.D. Tex. 2016) (plaintiff convicted of aggravated assault filed action alleging use of excessive force, the court took judicial notice of the indictment and judgment in conjunction with defendant's motion to dismiss pursuant to Heck). Therefore, this Court taking judicial notice of the guilty plea and no-contest pleas entered into by defendants is appropriate on a motion to dismiss.

Under *Heck*, "a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence" has been in some way reversed or invalidated. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir.2008) (citing *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994)). "Heck requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction

or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (internal quotations omitted).

In their complaint, plaintiffs allege that they were subjected to false arrest, false imprisonment, and malicious prosecution when "Plaintiff Ross was arrested and charged with disturbing the peace, resisting an officer and simple assault without probable cause and for the purpose of punishing Plaintiff" and "Plaintiff Calloway was arrested and charged with disturbing the peace by cursing without probable cause and for the purpose of punishing Plaintiff." Rec. Doc. 1 at 12. Defendant informs the Court that plaintiff Ross has since entered into a guilty plea on the charges brought against him and plaintiff Calloway has entered in a no-contest plea on the charges brought against her. Rec. Doc. 13-1 at 10. Plaintiff Ross has entered into a guilty plea on the charges of Disturbing the Peace by Offensive/Derisive Language, Resisting an Officer by Violence, and Simple Assault of Deputy Marshall Rodney Deroche. Rec. Doc. 13-1 at 10. Plaintiff Calloway has entered a no-contest plea as to Disturbing the Peace by Loud and Abusive Language. Id. Under *Heck*, plaintiffs in this case are barred from seeking damages under §1983 for the exact same charges they have since pled guilty and no-contest to. To find that plaintiffs were arrested and charged without probable cause would necessarily invalidate their underlying convictions. The Fifth Circuit has "specifically noted that false-arrest and malicious-

10

prosecution claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (citing *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir.1995)). Plaintiffs' excessive force claims are similarly barred by their guilty plea and no-contest plea because the facts that they allege in their complaint in support of their excessive force claim stem from the same conduct that led to their arrests and charges, to which they pled guilty and no-contest. The Fifth Circuit has noted that a § 1983 claim is not necessarily barred by *Heck,* "if the factual basis for the [underlying] conviction is temporally and conceptually distinct from the excessive force claim." *See Bush,* 513 F.3d at 498.

Plaintiffs do not argue in their response that their excessive force claims arise out of a separate factual basis than their disturbing the peace, resisting an officer by violence, and simple assault charges and the complaint lays out the same factual basis for both the excessive force and false arrest claims. In their complaint, plaintiffs describe the excessive force they allege they were subjected to and claim that they were falsely charged and arrested for disturbing the peace, resisting an officer by violence, and simple assault in order to cover up the marshals' use of excessive force. Rec. Doc. 1 at 6-9. Therefore, their convictions are not "temporally and conceptually distinct" from

11

their excessive force claims but rather have the same factual basis. Accordingly, plaintiffs' § 1983 claims are *Heck*-barred and must be dismissed.

Because this Court finds that plaintiffs' §1983 claims are *Heck* barred it is not necessary to consider defendants' arguments concerning municipal liability, official capacity claims, and qualified immunity.

3. <u>State law claims</u>

Because this Court is dismissing plaintiffs' federal claim, we decline to exercise jurisdiction over the remaining state law claims. When a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over state law claims when the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367(c) enumerates the circumstances in which a district court may refuse to exercise supplemental jurisdiction:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> > (1) the claim raises a novel or complex issue of State law,
> >
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) *the district court has dismissed all claims over which it has original jurisdiction,* or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added). This Court is dismissing all claims over which it has original jurisdiction, and therefore we decline to exercise supplemental jurisdiction over the remaining state claims pursuant to § 1367(c)(3).

New Orleans, Louisiana, this 12th day of April, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE